SLATER v. FIRST METHODIST EPISCOPAL CHURCH OF
PONTIAC.

1. MECHANICS' LIENS—ACCOUNTING—SURETY OF CONTRACTOR EN-
TITLED TO ACCOUNTING BETWEEN ITSELF AND OWNER.

In a suit to foreclose a mechanic's lien, where the owner,
by cross-bill, brought in the contractor's surety and asked
for an accounting between itself and the contractor and
as to the amounts due the various lien claimants, and
the surety answered, setting up the matter of which it
sought account, it was entitled, under 3 Comp. Laws 1915,
§ 14805, to an accounting as between itself and the owner,
although it did not pray for affirmative relief.

2. SAME—ESTOPPEL—EXPRESSION OF HONEST OPINION DOES NOT
AMOUNT TO ESTOPPEL.

Expression of opinion by the architect and a representa-
tive of the owner that all claims would be paid within
a certain time, and advising a lien claimant not to start
suit to enforce his lien, held, not to estop the owner from
urging limitation of statute (3 Comp. Laws 1915, § 14804),
where the opinion was an honest one, there was no at-
tempt to mislead, and, after the expiration of the time
suggested in the opinion and nothing had been done, there
was yet statutory time in which to enforce his lien.

Appeal from Oakland; Covert (Frank L.), J.   Sub-
mitted April 7, 1927.   (Docket No. 40.)   Decided
June 24, 1927.

Bill by Olney A. Slater and others, copartners as
the Slater Construction Company, against the First
Methodist Episcopal Church of Pontiac and others to
foreclose a mechanic's lien.   Defendant church filed
a cross-bill for an accounting making the Detroit
Fidelity & Surety Company a party defendant.   Albert
C. Glefke filed a cross-bill to foreclose a mechanic's

¹Mechanics' Liens, 40 C. J. § 613 (Anno). ²Id., 40 C. J. § 524.

lien. From a decree for plaintiff, dismissing the cross-bills of defendants surety company and Glefke, they appeal. Reversed and remanded as to defendant surety company and affirmed as to defendant Glefke.

*Patterson & Patterson,* for defendant surety company.

*Lungerhausen, Weeks, Lungerhausen & Neale,* for defendant Glefke.

*Pelton & McGee,* for defendant church.

CLARK, J. Plaintiffs filed the bill to foreclose a mechanic's lien. The owner, First Methodist Episcopal Church of Pontiac, the contractor, Downes, and other lienors were made defendants. The owner filed answer and cross-bill and brought in the Detroit Fidelity & Surety Company as surety on the bond of the contractor, and we quote from the cross-bill:

"That in order to avoid a multiplicity of litigation and in order to obtain an accounting between this defendant and the said William S. Downes, and the said Detroit Fidelity & Surety Company in reference to the amount due the various lien claimants and the various other claimants as aforesaid, and the amount of liability of the said Detroit Fidelity & Surety Company and in order that this court may settle and determine the rights and liabilities of all the parties interested in said cause and may make such decree as is necessary to determine and enforce the rights and liabilities of the various parties, including said Detroit Fidelity & Surety Company, it is necessary that the said Detroit Fidelity & Surety Company be made a party defendant to the above entitled cause. All of which this defendant is ready to aver, maintain and prove and this defendant prays that it may have the same benefit of this answer as if it had filed a cross-bill and prays for the following relief."

The surety answered, setting out that it was the

assignee of its principal, the contractor, that upon an account being taken it was entitled to credit for extras done and provided by the contractor, and that it was entitled to damages suffered by the contractor and occasioned by delays, particularly set forth, caused by the owner. The surety did not pray relief. It answered the bill for accounting and set forth its side of the account.

The trial judge fixed the amounts due lien claimants, directed the surety to pay the same to the owner, but he declined to take the account between the surety and owner, and dismissed the matter without prejudice, seemingly to relegate the same to the law side of the court. The surety has appealed.

An account as between the owner and the surety ought to have been taken. The surety was not required to pray affirmative relief. It was sufficient to answer the cross-bill for an accounting and to set up the matter of which it sought account. The rights and liabilities of all the parties ought to have been determined agreeable to section 14805, 3 Comp. Laws 1915:

"And whenever the principal contractor, or any subcontractor, shall have given to the owner, or other person or persons having rights in said property, any bond or surety or guaranty of any kind to protect such owner, or other person or persons having rights in said property, against the liens provided for by this act, then the complainant, or the owner, or other person or persons having rights in said property, may make the surety, or sureties in such bond or guaranty, parties to such action by such original bill, or by cross-bills or answers claiming the benefit of a cross-bill, and the court shall thereupon settle and determine the rights and liabilities of all the parties in the matter, and may make such decree as may be required to determine and enforce the rights and liabilities of the various parties, including such surety or sureties." * * *

The decree is modified in this regard, and the cause remanded for an account between the surety and the owner, with costs of this court to the former and against the latter.

There remains the appeal of defendant Glefke who furnished labor and materials to the principal contractor.    His statement of lien was filed December 11, 1923, but his cross-bill to enforce it was not filed until January 9, 1925, and not within one year after the filing of the statement of lien (3 Comp. Laws 1915, § 14804).    The cross-bill was dismissed.    The appellant contends, however, that the owner is estopped to urge the statute against him.    Whether such contention may be admitted under the statute we need not determine, being of the opinion that there is in fact no estoppel.

About September 7 or 8, 1924, and a little over three months before the end of the said year, appellant talked with Fisher, the architect, and with Bromley, of the church building committee.    We quote:

"I asked Mr. Fisher the reason we couldn't get any settlement, and he said there was an issue between the bonding company and the church, and he advised me to see Mr. Bromley; thought perhaps Mr. Bromley could do something about it, and I went over to Mr. Bromley's store—

"Q. Just a minute.    Before you get to Mr. Bromley, did you have any talk with Mr. Fisher about commencing suit in your own behalf?

"A. Yes, sir.    He advised me not to do it; he said it was all being settled—he said it would all be settled within the next 30, 60 or 90 days.    Regarding any expense which I would be subject to, I told him at that time I would rather settle the thing one way because I couldn't afford to go to the expense of hiring an attorney and fighting the case.    In response to that, Mr. Fisher advised me not to do it; he said it would all be settled; he said, within 30, 60 or 90 days; he advised me to go to Mr. Bromley.

"Q. What talk did you have with Mr. Bromley?

"*A.* I asked Mr. Bromley, and he thought it would be settled in 30, 60 or 90 days.

"*Q.* Why did Mr. Bromley say he couldn't pay you, or you couldn't be paid?

"*A.* He said there was a difference between the bonding company and the church committee as to what kind of bond it was, whether completion bond or surety bond.   *   *   *

"*Q.* What did Mr. Bromley say about your starting suit?

"*A.* Didn't think it would be necessary; said he thought it would be all settled in due time."

It is apparent that Fisher and Bromley expressed opinions honestly relative to an existing controversy, and that what was said must have been understood to be opinion.   There was no attempt to mislead, and, after the expiration of the longest period suggested by the opinion, there was yet statutory time in which the cross-bill might have been filed.   We decline to disturb the holding of the trial court.   The church will have costs in this court against this appellant.

The decree, modified as aforesaid, is affirmed, and cause remanded.

Sharpe, C. J., and Bird, Snow, Steere, Fellows, Wiest, and McDonald, JJ., concurred.